## EDWARDS, Trustee, *v.* WRAY and others.

*(Circuit Court, D. Indiana.* May, 1882.)

1. MORTGAGEE IN POSSESSION—ENTITLED TO POSSESSION AND RENTS.

A mortgagee in possession of the mortgaged premises with the consent of the mortgagor is entitled to keep such possession and collect the rents on the property until the mortgage debt is paid, even though the mortgage be held to be a mere lien.

2. SAME—PAROL AGREEMENT FOR POSSESSION.

If a mortgage does not provide that the mortgagee shall be entitled to the possession of the premises, a subsequent parol agreement to that effect can be. made, and if the mortgagee goes into possession under it the contract between the parties then stands as though this provision were contained in the mortgage.

3. SAME—PRIOR RIGHT TO RENTS OVER PURCHASER IN EXECUTION.

Possession so taken cannot be disturbed by a purchaser of the property on execution sale on a judgment, the lien of which attached after such possession was taken, and such mortgagee is entitled to hold any rents collected by him as against such purchaser, notwithstanding a statutory provision which makes the occupant of property sold at judicial sale the tenant of the purchaser of the same.

Submitted on Bill and Answer.

*Baker, Hord & Hendricks,* for complainant.

*Dailey & Pickerill,* for defendant T. W. Hill.

GRESHAM, D. J. This is a suit to foreclose a mortgage. In addition to the usual averments the complainant alleges that in September, 1879, and some time before the filing of his bill, by an agreement between the mortgagor and himself the possession of the mortgaged premises was turned over to him and has been ever since retained by him. He sets out an itemized statement of the rents collected which have been applied towards the payment of the interest on his mortgage debt. His right to so apply a part of these rents is denied by the defendant T. Wiley Hill, who, in his answer, claims that he is entitled to all the rents that have accrued since the third day of July, 1880, at which time he bought the mortgaged premises on an execution sale made on a judgment junior to complainant's mortgage. This claim is based upon the provisions of section 1 of an act which went into effect March 31, 1879, relative to the redemption of real estate sold on execution or decree of sale. That section is as follows:

"Section 1. Be it enacted by the general assembly of the state of Indiana, that, whenever real estate or any interest therein shall be sold on execution, the sheriff or other officer making the sale shall issue to the purchaser a certificate of purchase. The certificate shall entitle the purchaser, his heirs, or assigns to a deed of conveyance, to be executed by the proper officer, at the expiration of the time allowed for redemption, unless the property sold shall have been previously redeemed. The owner of the property shall be entitled to the possession thereof during the time the same is subject to redemption; but if the same is not redeemed, he shall be liable to the purchaser, his heirs, or assigns for the reasonable rents, profits, or use thereof; provided, if such owner is not the actual occupant of the premises sold, but the same be occupied by a tenant or other person, such tenant or other person shall be liable to the purchaser for the reasonable rent or use and occupation of the premises, and may be treated in all respects as the tenant of the purchaser, who shall, in case the property is redeemed, allow, as a payment upon his judgment, the amount of the rent by him collected."

Hill insists that under this section from the time he obtained his certificate of purchase the complainant became liable to him as the occupant of the property. In other words, his position is that the agreement between the mortgagor and the complainant, although made in good faith, must give way to the provisions of the statute.

The question, then, is, does the section of the statute quoted apply to the complainant's possession? It is admitted that the complainant is a mortgagee in possession with the consent of the mortgagor, and that aside from the statute under consideration he has a

right to hold that possession and collect the rents on the property until his mortgage is paid. This is the rule at common law, even where the lien theory of mortgages obtains. *Russell* v. *Ely*, 2 Black, 575; *Witherell* v. *Wiberg*, 4 Sawy. 232; *Phyffe* v. *Riley*, 15 Wend. 248; *Hubbell* v. *Moulson*, 54 N. Y. 225; *Hennesy* v. *Farrell*, 20 Wis. 42; *Dutton* v. *Warschauer*, 21 Cal. 609; *Roberts* v. *Sutherlin*, 4 Or. 219.

In this state there is a statutory provision that "unless a mortgage specifically provide that the mortgagee shall have possession of the mortgaged premises he shall not be entitled to the same." The mortgage in suit did not contain such a provision. Notwithstanding this fact, the parties to this mortgage could enter into a parol agreement that the mortgagee should take possession of the mortgaged premises, and could carry out such an agreement by putting the mortgagee in possession. *Parker* v. *Hubble*, 75 Ind. 580. This was in fact done in this case, and when this parol agreement was so executed by the surrender of possession on the part of the mortgagor the contract between the parties to the mortgage then stood as though it had been specifically provided in the mortgage that the mortgagee should be entitled to the possession of the mortgaged premises.

The redemption statute of 1879 was not intended to defeat or abrogate rights acquired under such a contract. Its effect was meant to be limited to sales of property which should be sold independently of any contract pertaining to its use or possession. Its purpose was to furnish a rule which should be applicable to sales of real estate, the dominion over which the judgment debtor or his assigns still held. It does not contemplate an interference with senior rights or equities created prior to the attaching of the judgment lien that is to be enforced by the sale. It relates to a remedy for the enforcement of judgments, and it does not and could not inhibit a contract relation that might curtail that remedy. It is true that this statute was in force when the agreement in question was made, but, no fraud being charged, the parties to that agreement had the right to enter into it, and the complainant is entitled to be protected in the rights thus secured nothwithstanding the statute. *Edwards* v. *Woodbury*, 1 McCrary 429; [S. C. 3 FED. REP. 14.]

Whether this proposition would be true if the lien of the judgment had attached prior to the making of the arrangement between the mortgagor and the mortgagee, need not be decided. The pleadings show that the agreement under which the complainant went into possession of the mortgaged premises was made before the judgment

under which Hill derives title became a lien on the real estate. When that lien came into existence it of necessity attached to real estate charged with the burden of the complainant's right of possession. It was a lien only on such an estate in the property in controversy as the judgment debtor at that time held, and the execution sale was made subject to any liens, pledges, or rights that he had fastened upon the real estate in favor of any other party. *Monticello Hydraulic Co.* v. *Loughry,* 72 Ind. 562.

The complainant was in possession by his tenants, and this was notice of his rights. *Bank* v. *Flagg,* 3 Barb. Ch. 317; *Wright* v. *Wood,* 23 Pa. St. 120; *Franz* v. *Orton,* 75 Ill. 100; *Dickey* v. *Lyon,* 19 Iowa, 544; *O'Rourke* v. *O'Connor,* 39 Cal. 442.

The rights of complainant in the mortgaged premises as mortgagee in possession were no more affected by the execution sale than were his rights under his mortgage. They alike remained intact. The same equitable principles that authorize the appointment of a receiver of mortgaged property may be invoked in this case to sustain the arrangement between the mortgagor and mortgagee by which the latter took possession of the premises. The mortgagor turned over the property to the mortgagee in order that the rents might be applied to the payment of interest, but it appears that the interest is greatly in default. It is to be presumed, therefore, that the mortgagor is insolvent or seriously embarrassed, and that the premises are not an adequate security for the debt, and that these facts were considered by the parties when the arrangement was made. This court has uniformly held that under these circumstances a receiver should be appointed to protect the interests of the mortgagee. The arrangement made secured to the mortgagee without the aid of a court just what the court would have given him as against not only the mortgagor but as against all junior lienholders. The purposes of the parties to this agreement were of so equitable a character that they should be effectuated and not defeated.

The provisions of the redemption act of 1879 furnish no reason why the court should refuse the appointment of a receiver upon proper showing, and it is equally clear that an amicable arrangement between a mortgagor and mortgagee, which effected at once what a receivership would have indirectly accomplished, should be upheld, although it was made after the statute under consideration took effect.