## BULLION & EXCHANGE BANK v. OTTO et al.

(Circuit Court, D. Nevada. December 11, 1893.)

### No. 573.

STATUTE OF FRAUDS—MORTGAGE—PAROL AGREEMENT FOR POSSESSION.
When a parol agreement whereby a mortgagor of lands is to surrender possession to the mortgagee has been executed by actual delivery, the statute of frauds cannot be set up by one who, with notice, acquires possession under a lease from a subsequent grantee of the mortgagor.

At Law. Action by the Bullion & Exchange Bank against A. Otto and M. Healey to recover possession of real estate and the rents and profits thereof. Judgment for plaintiff.

Trenmor Coffin, (Goodwin & Dodge, of counsel,) for plaintiff.
James R. Judge, (A. L. Shinn, of counsel,) for defendants.

HAWLEY, District Judge, (orally.) The principles involved in this case are in many respects substantially the same as in No. 572,

and need not be again stated or discussed. In this case the testimony shows that James Marshall, acting for M. E. Spooner and the Bullion & Exchange Bank, under an oral agreement between said parties, took possession of the real estate known as the "Spooner Ranch," to hold and keep possession thereof for the bank as the mortgagee of said property. The defendants in this suit thereafter, on the 18th of November, 1892, obtained the possession of the real estate under an agreement or lease from Mrs. Clara Spooner, and have ever since been in the possession thereof. At the time of the commencement of the foreclosure suit the plaintiff filed in the recorder's office of Lassen county a notice of lis pendens of said suit, and the same was duly recorded. The other facts, so far as applicable, are the same as stated in Marshall v. Otto, 59 Fed. 249.

It is claimed that the oral agreement of M. E. Spooner with the bank, to deliver the possession of the real estate, was within the statute of frauds. But the question is not whether the oral agreement could have been enforced if M. E. Spooner had refused to deliver the possession. The statute only affects the parties to the agreement. The facts are that M. E. Spooner delivered the possession to Marshall for the mortgagee, and, the agreement having been executed, it is valid between the parties. The defendants are certainly not in a position to urge the statute of frauds as a defense to this suit. Book v. Mining Co., 58 Fed. 106. The right to make such an oral agreement is well settled, and the effect of such an agreement, and of the possession taken thereunder, is clearly and correctly stated in Spect v. Spect, 88 Cal. 440, 26 Pac. 203. The question presented in that case was whether a mortgagor who had placed his mortgagee in possession of the mortgaged premises could maintain ejectment against him while the debt for which the mortgage was given remained unsatisfied, even though an action by the mortgagee for the recovery of the debt is barred by the statute of limitations. The court, after quoting section 2927 of the Civil Code, which declares that "a mortgage does not entitle the mortgagee to the possession of the property, unless authorized by the express terms of the mortgage; but after the execution of the mortgage the mortgagor may agree to such change of possession without a new consideration,"—said:

"The right of the mortgagee to take possession of the mortgaged premises does not depend upon the statute. The mortgagor could at all times, even by a parol agreement, give to his mortgagee this additional security. Fogarty v. Sawyer, 17 Cal. 589; Edwards v. Wray, 11 Biss. 251, 12 Fed. 42. In taking such possession, the mortgagee does not thereby acquire any estate in the land, or obtain for his mortgage any higher character, or any different or greater protection, than it would otherwise have possessed. In any action to enforce the mortgage, or to collect the debt for which it was given as security, the mortgagee has no additional rights by reason of the fact that he is in possession of the mortgaged premises with the consent of the mortgagor. Such possession does, however, give him rights in addition to those conferred by the mortgage. It is an additional security for the debt, which he is entitled to retain in accordance with the terms under which it was received. This right to retain the possession of the land is not coincident with a right to foreclose his mortgage, or dependent upon such right, but depends solely upon the existence of the debt. The possession of the land is a special security for the

debt, distinct and separate from the mortgage, which has been conferred by an act of the debtor, and the right to retain the same is independent of, and distinct from, any right springing from the mortgage."

I find the rental value of the property to be worth $900 per annum. The plaintiff is entitled to be restored to the possession of the real estate, and to recover the rental value from the time defendants wrongfully obtained possession thereof, at the rate of $75 per month; and judgment will be entered accordingly.