HUGULEY MFG. CO. et al. v. GALETON COTTON MILLS et al.

(Circuit Court of Appeals, Fifth Circuit. May 16, 1899.)

No. 798.

1. MORTGAGES—REVERSAL OF DECREE OF FORECLOSURE—RIGHTS OF MORTGAGEE IN POSSESSION AS PURCHASER.

A mortgagee having a valid mortgage which is foreclosed in a court of competent jurisdiction, and who becomes the purchaser under the decree, and is given possession of the property, cannot be treated as a trespasser wrongfully in possession on a subsequent reversal of the decree, but is entitled on an accounting to the benefit of the equitable rules governing mortgagees in possession, and to have the rental value of the property during his possession applied on a deficiency remaining due him after its resale.

2. SAME—EFFECT OF STATE STATUTE.

The right and obligation of a mortgagee in possession to apply rents and profits upon the mortgage debt is a doctrine of equity, and is not affected by a state statute providing that a mortgage is only security for a debt, and passes no title, as mortgages were always so regarded by courts of equity.

Appeal from the Circuit Court of the United States for the Northern District of Georgia.

W. R. Hammond and John M. Chilton, for appellant.

B. F. Abbott and P. H. Brewster, for appellee.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

SHELBY, Circuit Judge. On January 1, 1884, the Alabama & Georgia Manufacturing Company executed a mortgage or deed of trust to J. J. Robinson and two others to secure $65,000 of bonds issued by it that day. Subsequently the property embraced in the mortgage was sold under a decree of a state court subject to the mortgage. Under this sale the Huguley Manufacturing Company became the purchaser and owner of the property, subject to the incumbrance of the mortgage for $65,000. It was placed in possession of the property. A bill was filed in the circuit court of the United States for the Northern district of Georgia to foreclose the mortgage, a decree of foreclosure rendered, and on appeal to this court the decree was reversed. 13 U. S. App. 359, 6 C. C. A. 79, and 56 Fed. 690. The decree of foreclosure being vacated by reversal, the circuit court granted a petition on the part of the Huguley Manufacturing Company to restore it to the possession of the property, upon condition, however, that it pay into court $10,000, which had been paid by the purchasers under the now vacated foreclosure sale. This condition the Huguley Manufacturing Company did not comply with, but resisted. It took another appeal to this court, and the decree of the circuit court was affirmed. 30 U. S. App. 683, 19 C. C. A. 152, and 72 Fed. 708.

At the first foreclosure sale the property was purchased for the bondholders, who organized a corporation under the name of the Galeton Cotton Mills. This corporation was placed in possession of the

property under the first decree of foreclosure, and held the same pending the appeal, and after the reversal of the decree, and upon the second foreclosure became purchasers again, and have remained continuously in possession, operating the mills on the property. The Galeton Cotton Mills were in possession of the property under the first decree of foreclosure for a period of three years and eight months. The real controversy in the present litigation is about the rents of the property during this period. The net rents have been ascertained to be $28,334. At the last foreclosure sale a balance was left due, after applying the net purchase money to the mortgage debt, of $33,414.21. The Huguley Manufacturing Company contends that the possession of the purchasers at the foreclosure sale, the decree afterwards being reversed, was illegal and wrongful, and that in stating the account of reference the company was not to be treated as a mortgagee in possession, but that a stricter rule should be applied on the accounting, and that the rents are the property of the Huguley Manufacturing Company, and should be paid to it. The Galeton Mills, on the contrary, contends that its possession was not tortious, but legal, that it should be treated and charged only on the accounting as a mortgagee in possession, and that the net rents should not be paid to the Huguley Manufacturing Company, but should be applied to the payment of the amount left unpaid on the mortgage. These are the only substantial questions in the case. The material assignments of error relate either to the statement of the account before the master, or the application of the rents to the payment of the mortgage debt. We are relieved from stating these questions and the facts relating to them more minutely by the opinion of the learned judge who rendered the decrees appealed from in the circuit court. 89 Fed. 218–231.

1. The possession of the purchasers at the first foreclosure sale was not wrongful in the sense that such possession made them trespassers. The decree was rendered by a court having jurisdiction of the case. The mortgage foreclosed was valid. The decree was binding, and not subject to collateral attack. It was valid and effectual to place the purchasers in possession, and to protect them in possession till it was reversed. 2 Jones, Mortg. (5th Ed.) §§ 1587, 1588. It was reversed by this court, and the circuit court then granted an order of restitution, but upon condition that the Huguley Manufacturing Company would pay into court the sum of $10,000, which had been paid by the purchasers at the date of their purchase. This court, on appeal, affirmed this condition. The Huguley Manufacturing Company did not pay the $10,000, and so were not entitled to the possession by the terms of the order made by the circuit court and affirmed by this court. From its inception the possession in question was sanctioned by a decree of the court having jurisdiction of the parties and the property. The reversal of the decree does not make the purchasers under it trespassers. The purchasers in this case, on the facts stated, are entitled to the benefit of the equitable rules governing mortgagees in possession, and the account should be stated and the rents applied by such rules. Dutcher v. Hobby, 86 Ga. 198, 12 S. E. 356; Brobst v. Brock, 10 Wall. 519; Lane v. Holmes,

55 Minn. 379, 57 N. W. 132; Townshend v. Thomson, 139 N. Y. 152, 34 N. E. 891.

2. Under the English law, which has been substantially adopted in many of the states, a mortgage on real estate is of dual nature. In a court of law the mortgagee is regarded as the owner. He possesses the legal title, and can recover the estate in ejectment. In a court of equity the mortgage is deemed only a security for the debt described in it. Welsh v. Phillips, 54 Ala. 309; 3 Pom. Eq. Jur. § 1184; 1 Jones, Mortg. (4th Ed.) § 11. In Georgia, as in several of the states, the English view does not prevail. The legal title does not pass to the mortgagee. The mortgage, both at law and in equity, is always deemed a mere security for debt. This was settled in Georgia many years ago by judicial decision. Davis v. Anderson, 1 Ga. 176; Vason v. Ball, 56 Ga. 269. It is now confirmed by statute. "A mortgage in this state is only security for a debt, and passes no title." Civ. Code Ga. § 2723. In the argument of this case it was urged with much earnestness that these decisions and the statute are controlling in this case, and that their proper application to the case will give to the appellant the rents and profits of the property. It must be conceded as established by authority, as a general principle, that a mortgagee in possession, whether in person, by trustee, or receiver, is in equity accountable for the rents and profits, "and must apply them to the reduction of the mortgage debt." 2 Jones, Mortg. (5th Ed.) § 1114. This is a matter exclusively of equity jurisdiction, and is for the benefit of the mortgagor. By such application of the rents his debt is paid or reduced so as to lessen the burden of redemption. It is also nothing more than is due to the mortgagee. He is entitled to be paid. In cases where the corpus of the property is not sufficient to pay the debt, and where the mortgagor is insolvent, the mortgagee has no other means of obtaining full payment except to secure the rents. As between an insolvent mortgagor and the mortgagee who has collected rents, the property mortgaged being insufficient to pay the debt, the rents must be applied to extinguish the debt. The mortgagee would not, in equity, be permitted to retain the rents, and not apply them to the debt. In no jurisdiction would he be required to pay the rents to the mortgagor, his debtor, and leave the debt unpaid. As the mortgagor, under such circumstances, could not prevent the rents being applied to the payment of his debt, he cannot, by selling his equity of redemption to another, invest him with a right he did not have himself. The purchaser of the mortgagor's right of redemption can have no greater rights than the mortgagor. In cases like this the equitable right of the mortgagee to apply the rents to the payment of his claim seems undisputed by the general practice and principles of equity jurisprudence. This, we understand, if not conceded by the appellant, is not denied, but the contention is that these principles are not applicable to a mortgage controlled by the laws of Georgia. Is there anything in the Georgia law in conflict with these principles? Does the statute which makes a mortgage only a security for debt, intend to make it any less a security, in equity, than other mortgages on real estate? Under the English rule, a mortgage on real estate

is in equity always regarded as a mere security for debt. It is only at law that the mortgagee is regarded as the owner of the legal title. The Georgia statute changes the effect, in this regard, of a mortgage at law, but it is only a legislative recognition of the equitable rule, which views a mortgage as merely a security for debt. It is held in Hart v. Respess, 89 Ga. 87, 14 S. E. 910, as stated in the syllabus:

"While the mortgagee has no legal title to the rents and profits, he has an equitable claim upon the same in so far as they may be needed to discharge so much of the mortgage debt as cannot be realized out of the corpus of the property, the facts of the case indicating that the debtors are insolvent, and the creditors likely to sustain loss."

The decree of the circuit court is affirmed.