184 U.S. 297
 22 S.Ct. 455
 46 L.Ed. 549
 In re HUGULEY MANUFACTURING COMPANY and Alabama & Georgia Manufacturing Company, Petitioners.
 No. ___.
 Submitted November 20, 1901.
 Decided February 24, 1902.
 
 The Riverdale Cotton Mills, by leave of court, filed June 10, 1901, in the circuit court of the United States for the northern district of Georgia, a bill against the Alabama & Georgia Manufacturing Company and the Huguley Manufacturing Company, as also certain solicitors of said companies, as ancillary to the bill of foreclosure in that court, brought by Robinson, trustee, against said companies, the appeal in which has just been disposed of.
 The bill averred that the defendant companies were corporations of Georgia, and if they had also been authorized under the laws of Alabama they had no place of business in that state, but only in Georgia; and that the only officers, directors, and stockholders they ever had were the officers, directors, and stockholders of the corporations organized in Georgia; that as long as they had any property it was situated partly in Georgia and partly in Alabama, and was operated as one business from each of the offices of the corporations in Georgia; and that the property of the Alabama & Georgia Company was fully described in the trust deed, a copy of which was attached, being the trust deed foreclosed at the suit of Robinson, and the property of the Huguley Manufacturing Company was an equity of redemption therein acquired after the execution and delivery of that trust deed. The bill then set forth the acquisition by the Huguley Company of the property, subject to the trust deed, by proceedings in the superior court of Troup county, Georgia; the filing by Robinson of the bill to foreclose the trust deed; the decree of foreclosure; the sale to representatives of the bondholders, and the transfer to the Galeton Cotton Mills; the reversal of that decree by the circuit court of appeals; the second decree and second sale; the confirmation of sale and deed to complainant, who paid all the purchase money; and the appeal thereupon to the circuit court of appeals, and the affirmance of the decree and proceedings. 36 C. C. A. 236, 94 Fed. 269. It was further averred that from this decree of affirmance an appeal was prosecuted May 16, 1899, to the Supreme Court of the United States, where it was still pending.
 The bill further showed that thereafter the Huguley Manufacturing Company and the Alabama & Georgia Manufacturing Company filed in the chancery court of Chambers county, Alabama, their bill of complaint against the Riverdale Cotton Mills, the Galeton Cotton Mills, Robinson, trustee, Huguley, trustee, and the West Point Manufacturing Company, alleging that the Alabama & Georgia Manufacturing Company was an Alabama corporation; that all the property described in the trust deed was situated in Alabama, and that no sale of the property was ever made in Alabama, and that all judicial proceedings in the circuit court for the northern district of Georgia were null and void, so far as affected the title of the two companies to the part of the lands lying in Alabama; and it was sought to hold the Riverdale Cotton Mills, the Galeton Cotton Mills, and the West Point Manufacturing Company for the rents and profits of the property since May, 1892.
 Complainant further averred that each and all of the claims to relief set up by these two companies in the Chambers chancery court were set up, or could have been set up, and were adjudicated in the proceedings had in the circuit court in the suit of Robinson, trustee, as aforesaid, as appeared from the record and proceedings in that case; and that all the substantial issues raised in the suit in Chambers county had been adjudged and determined by the circuit court. Complainant alleged that a large part of the property described in the trust deed was situated in the state of Georgia, and another part in the state of Alabama, and that the circuit court acquired and had full jurisdiction to order the sale of all the property described in the trust deed, and that neither the Huguley Manufacturing Company, the Alabama & Georgia Manufacturing Company, nor W. T. Huguley, who were defendants to the bill filed by Robinson, ever during the progress of the cause in the circuit court raised any issue as to the jurisdiction of that court to render a decree for the sale of all the lands; and complainant alleged that the property was in fact indivisible. Complainant reiterated that the same companies were seeking by the bill of complaint filed in Chambers county to again raise and have investigated by a court of equity the same identical matters and issues which had theretofore been passed upon and adjudicated by the circuit court in the suit of Robinson. Complainant invoked the jurisdiction of the circuit court as ancillary to the main suit instituted by Robinson to protect it against the violation of its rights by the prosecution of the bill of complaint in the chancery court of Chambers county, and prayed for an injunction and general relief.
 The circuit court, on consideration of the bill, ordered defendants to show cause why an injunction should not issue as prayed for, and in the meantime granted a restraining order. The two defendant companies appeared and showed cause, setting up that they were corporations chartered under the laws of Alabama; that the Alabama & Georgia Manufacturing Company was a distinct and separate legal entity from the Alabama & Georgia Manufacturing Company incorporated under the laws of Georgia, and that it was the Georgia corporation, and not the Alabama corporation, that was made party defendant to the suit of Robinson; and they alleged, on information and belief, that the Huguley Manufacturing Company never was incorporated under the laws of Georgia. They insisted that in the proceedings in Alabama the decree of the circuit court in the foreclosure suit was not conclusive upon them, as the circuit court was without jurisdiction, and that the circuit court had no jurisdiction of this bill because it was an original, and not an ancillary, bill, and complainants and defendants were citizens of Georgia; and, further, that the foreclosure suit was pending in the Supreme Court of the United States. It was also averred that the circuit court was without jurisdiction to issue the injunction prayed, in view of § 720 of the Revised Statutes; and, further, because after filing the bill in Alabama all the defendants thereto, without pleading in abatement, had filed demurrers, pleas, and answers.
 The response further set up that the circuit original foreclosure suit, because the complainant therein and the Huguley Manufacturing Company were citizens of Alabama, and that the charter of the Alabama & Georgia Manufacturing Company in Georgia had expired by legal limitation before any sale of the property under the foreclosure proceedings. And it was further alleged that the circuit court was without jurisdiction to sell the mortgaged property because it was all situated in the state of Alabama, or, if not, to sell that portion lying in the state of Alabama, and it was denied that the property in Alabama and Georgia were parts of an indivisible whole. Respondents asked that the rule might be discharged, and the bill dismissed.
 Upon a hearing the circuit court granted an injunction as prayed until the further order of the court. 111 Fed. 431.
 On November 20, 1901, the Huguley Manufacturing Company and the Alabama & Georgia Manufacturing Company submitted a motion for leave to file their petition for a writ of prohibition to restrain the circuit court of the United States for the northern district of Georgia from taking any further steps in the suit of the Riverdale Cotton Mills or in respect of the suit in Alabama, and for a mandamus requiring the circuit court to dismiss the bill of the Riverdale Cotton Mills. The petition which they asked leave to file averred that they were complainants in the chancery suit in Alabama filed for the purpose of redeeming the property in question, and stated that they were not parties to any litigation in the circuit court for the northern district of Georgia, but that they had been served with what purported to be process from that court to appear in the alleged ancillary proceedings. Petitioners charged that the circuit court had no jurisdiction over the original suit in Georgia, because the property was located in the state of Alabama; that the Alabama & Georgia Manufacturing Company of Alabama was not made a party to the suit in Georgia; that one of the trustees was not joined as complainant; that bondholders protesting against the foreclosure were not made parties; that the other bondholders were not made parties; that the Huguley Manufacturing Company was not given its day in court for redemption; and, in brief, reiterated the grounds presented in their response to the rule to show cause.
 Messrs. J. C. Welles, John M. Chilton, and Alexander C. King for petitioners.
 Mr. Chief Justice Fuller delivered the opinion of the court:
 
 
 1
 It is firmly established that where it appears that a court whose action is sought to be prohibited has clearly no jurisdiction of the cause originally, a party who has objected to the jurisdiction at the outset and has no other remedy is entitled to a writ of prohibition as a matter of right. But where there is another legal remedy, by appeal or otherwise, or where the question of the jurisdiction of the court is doubtful, or depends on facts which are not made matter of record, the granting or refusal of the writ is discretionary. Re Rice, 155 U. S. 396, 39 L. ed. 198, 15 Sup. Ct. Rep. 149. And the writ of mandamus cannot be used to perform the office of an appeal or writ of error, and is only granted, as a general rule, where there is no other adequate remedy. Re Atlantic City R. Co. 164 U. S. 633, 41 L. ed. 579, 17 Sup. Ct. Rep. 208.
 
 
 2
 And it may be added that it is also the general rule as to the writ of certiorari when sought as between private parties and on the ground that the proceedings below are void, that it will be granted or denied in the sound discretion of the court, and will be refused where there is a plain and adequate remedy by appeal or otherwise. Re Tampa Suburban R. Co. 168 U. S. 583, 42 L. ed. 589, 18 Sup. Ct. Rep. 177.
 
 
 3
 In this case there was, under the act of Congress of June 6, 1900 (31 Stat. at L. 660, chap. 803), a plain and adequate remedy by appeal to the circuit court of appeals for the fifth circuit from the interlocutory order granting an injunction. After a final decrec an appeal to this court would lie in respect of the jurisdiction, if the question were properly raised and certified, or if issues were raised and decided bringing the case within § 5 of the act of March 3, 1891 [26 Stat. at L. 827, chap. 517], or to the circuit court of appeals. The case as presented is far from being one in which we should regard it as a proper exercise of our jurisdiction to interfere with the orderly progress of the suit below by the issue of either of the writs applied for. Re New York & P. R. S. S. Co. 155 U. S. 523, 531, 39 L. ed. 246, 249, 15 Sup. Ct. Rep. 183.
 
 
 4
 The contention of counsel seems to go to the extent of insisting that the proceedings in the foreclosure suit were wholly void, and without force and effect as to all persons and for all purposes, and incapable of being made otherwise; and in declining to go into the subject at large we are not to be understood as concurring in that proposition.
 
 
 5
 Leave denied.