DANIEL MUSSELMAN *et al.*, Plaintiffs in Error, *v.* REVILL H. OAKES, Administrator, etc., Defendant in Error.

ERROR TO MASSAC.

An instrument purporting to be a promissory note, payable to one of two persons in the alternative, cannot be sued on as such.

THIS was an action of assumpsit, instituted at the September term of the Massac Circuit Court by the defendant in error against the plaintiffs in error. The instrument sued on, and filed with the declaration, was in the words and figures following :

Nine months after date, we or either of us promise to pay Olive Fletcher or R. H. Oakes, administrators of the estate of Winslow Fletcher, deceased, the sum of two hundred and forty-two dollars, for value received of them this the 10th of October, 1856.

DANIEL MUSSELMAN,<br>J. MUSSELMAN.

There was a demurrer to this declaration, which demurrer was by the court overruled, and judgment rendered in favor of the plaintiff below, for the sum of $209.46 and cost of suit— from which judgment defendants sued out a writ of error. The case was submitted *ex parte.*

W. H. GREEN, for Plaintiffs in Error.

CATON, C. J. The declaration in this case was upon an instrument purporting to be a promissory note, payable to " Olive Fletcher or R. H. Oakes," in an action brought by Oakes. The declaration was demurred to, the demurrer overruled, and judgment rendered in favor of the plaintiff below. This was erroneous. The instrument sued on was payable in the alternative to one of two persons, and for that reason is not a promissory note, and could not be sued on as such. It is indispensable to a promissory note that it not only must be for a sum certain, and payable at a certain time, and without condition, but it must also be payable to a certain person, either specified on the face of the note, or who may be certainly identified by extrinsic proof, not inconsistent with the face of the note, as the assignee or bearer. Here the promise was to pay Fletcher or Oakes, but which, is uncertain; which of them had the right to receive the pay is not specified, and the legal right to the money is not vested in either. But this is a question of law too well settled by the books to require discussion, and I will only refer to Story

on Promissory Notes, p. 40.   This peculiarity of the note sued on was no doubt overlooked by the Circuit Court.

The judgment must be reversed.

*Judgment reversed.*