## FOGARTY v. SAWYER et als.

A CLAUSE in a mortgage authorizing the mortgagee to sell the premises on default of payment, and out of the proceeds to satisfy the mortgage, and render the surplus to the mortgagor, his heirs or assigns, includes the power to execute a conveyance to the purchaser.

At common law, a mortgage was regarded as a conveyance of a conditional estate, which became absolute upon breach of its conditions. It gave to the mortgagee—except as otherwise provided by stipulations inserted in the instrument—a right to immediate possession. Upon it he could enter peaceably or support ejectment.

The two hundred and sixtieth section of our Practice Act changes this character of the instrument, and takes from the mortgagee all right to the possession, either before or after condition broken, and makes the mortgage a mere lien; but this section does not prevent the owner from making an independent contract for the possession, or from authorizing a sale of the premises, the mortgagee consenting thereto, to pay the debt.

The words "whatever its terms" in this section were intended to control the terms of grant, bargain and sale, generally employed in mortgages, and do not relate to stipulations for possession or sale.

A mortgagor in this State may invest the mortgagee with a power to sell the premises upon default in the payment of the debt secured; and when the sale is conducted in accordance with the conditions of the power, and is fairly made, a good title will pass to the purchaser upon its consummation by a conveyance.

APPEAL from the Fourth District.

For facts, see opinion. Defendant Sawyer appeals.

*G. F. & W. H. Sharp*, for Appellant.

I. The deed of Markwert (by Zimmerman his attorney in fact) to Hewlett was admissible—1st, to show the extent of possession and to characterize the defendants' entry under a paper title; and 2d, to show the execution of the power conferred by the mortgage.

II. The two hundred and sixtieth section of the Practice Act does not prevent the mortgagor from conferring upon the mortgagee a power of sale. It only prohibits a right of entry on the part of the mortgagee until foreclosure.

*E. A. Lawrence*, for Respondent.

I. The power in the mortgage does not authorize the mortgagee

to execute any conveyance of the premises. It does not authorize him to sign the name or use the seal of the mortgagor to any instrument. It only authorizes the mortgagee to sell.

II. If a mortgagor could confer a valid power of sale in this way upon the mortgagee, he would be able to evade indirectly the statute, which provides that " a mortgage of real property shall not be deemed a conveyance, whatever its terms, so as to enable the owner of the mortgage to recover possession of the real property without a foreclosure and sale." (Prac. Act, sec. 260.)

Field, C. J. delivered the opinion of the Court—Baldwin, J. concurring.

This is an action of ejectment to recover certain premises situated in the city of San Francisco. Of the several defendants Sawyer alone appeals, and the questions presented arise in the controversy between him and the plaintiff. Both of these parties deraign title from one Daniel Markwert, to whom an alcalde grant was issued in December, 1849. It is unnecessary to pass upon the validiity of the grant; it must be considered as valid, so far as the present controversy is concerned, as it is the common source of title. (2 Green. Ev. sec. 307.)

The plaintiff relies upon a deed from Markwert to one Sanders, bearing date in June, 1854, and a deed to himself from the Sheriff of the county of San Francisco, made in November 1856, upon a sale under execution, issued upon a judgment recovered against Sanders. The deed from Markwert recites a nominal consideration of $4,000, but was in fact executed to Sanders upon an agreement between the parties that the latter would institute legal proceedings and recover the premises from the occupant. No proceedings were, however, taken by him in the matter. At the Sheriff's sale the interest of Sanders was struck off to the plaintiff for the sum of twenty dollars.

The defendant relies upon a sale of the premises under a power contained in a mortgage executed to one Zimmerman by Markwert, in August, 1851, to secure the latter's promissory note for seven hundred and twenty-four dollars, bearing even date with the mortgage, and payable in six months. The mortgage is in the usual form, with a clause

Fogarty *v.* Sawyer.

authorizing the mortgagee and his assigns, in case of default in the payment of the note and interest," to sell the premises above granted at public outcry, or so much thereof as will be necessary to satisfy said note, and all the interest due thereon, with all proper costs and expenses attending such sale," the surplus, if any, to be rendered to the mortgagor, his heirs or assigns.   In October, 1852, the note and interest not being paid, the premises were sold at public auction after due advertisement.   The sale was for cash, and the property was struck off to one Hewlett, who was the highest bidder, and to him a deed was executed by Zimmerman, in the name, and as the attorney in fact of Markwert.   Two hundred and seventy-five dollars were received from the sale, and that amount was applied on the note ; the balance has never been paid.   With the delivery of the deed the mortgagee passed over to the purchaser the note and mortgage, and also put him in possession of the premises, and he or those claiming under him have been in possession ever since. The defendant traces his title by sundry mesne conveyances from Hewlett, and rests the defense principally upon the validity of the sale and deed to him.   The Court excluded the deed, under the objection that Zimmerman had no authority to convey the property, and the plaintiff recovered.   This ruling the respondent endeavors to sustain from the language of the instrument and the provisions of section two hundred and sixty of the Practice Act.   Neither of the positions taken can be maintained.

1. The instrument does not, it is true, in express terms authorize the mortgagee to execute a conveyance to the purchaser, but such authority is necessarily incident to the authority to sell.   The object was to confer a power in a certain event to dispose of the real property and transfer the title to the purchaser, and not merely to contract for a conveyance.   In *Valentine* v. *Piper*, (22 Pick. 85) a similar objection was taken to a deed executed by an attorney, but the Court held the objection untenable, and said : " Where the term ' sale ' is used in its ordinary sense, and the general tenor and effect of the instrument is, to confer on the attorney a power to dispose of real estate, the authority to execute the proper instruments required by law, to carry such sale into effect, is necessarily incident.   It is in pursuance of a general maxim that

an authority to accomplish a definite end carries with it an authority, so far as the constituent can confer it, to execute the usual legal and appropriate measures proper to accomplish the object proposed."

2. The two hundred and sixtieth section of the Practice Act, which went into effect on the first of July, 1851, declares that " a mortgage of real property shall not be deemed a conveyance, whatever its terms, so as to enable the owner of the mortgage to recover possession of the real property without a foreclosure and sale." This section, as we observed in *McMillan* v. *Richards*, (9 Cal. 409) takes from the mortgage its common law character and restricts it to the purposes of security. At common law a mortgage was regarded as a conveyance of a conditional estate, which became absolute upon breach of its condition. It gave to the mortgagee upon its execution, except as otherwise provided by stipulations inserted in the instrument, a right to immediate possession. Upon it he could enter peaceably or support ejectment. The section in question changes this character of the instrument. It does not, it is true, in express terms alter the estate at law of the mortgagee, but it does so in effect. It takes from the mortgagee all right to the possession, either before or after condition broken, and as we said in the case cited, an instrument which confers no right of either present or future possession can hardly be deemed to pass any estate in the land. Under the section the mortgage creates a mere lien for the purposes of security, and, as in other cases of lien upon real property, can only be enforced by judicial proceedings, except by the authority of the owner of the property. By virtue of the mortgage alone the mortgagee can neither acquire the possession nor dispose of the premises. But the existence of the mortgage does not prevent the owner from making an independent contract for the possession, or from authorizing a sale of the premises, the mortgagee consenting thereto, to pay off the debt. Nor is it perceived that there is any legal obstacle to making such contract with the mortgagee, or to clothing him with the power of sale. If the owner of the property sees fit to enter into such an arrangement with him, or to confer such power upon him, it would be going a great way for the Court, for that reason alone, to invalidate the proceedings. The right to dispose both of the possession

Fogarty *v.* Sawyer.

and estate follows necessarily from the ownership of the property; and this being so, no valid objection can be urged against incorporating the contract and power in the same instrument with the mortgage. They do not become in that way any part of the mortgage, but are as much independent of it as though contained in separate instruments.

Some stress is placed by the respondent upon the use of the words " whatever its terms " in the statute. This language is supposed to prohibit separate stipulations between the parties for the possession, or for the sale of the premises upon default. We do not thus construe the language, but on the contrary are clear that it was only intended to control the terms of grant, bargain and sale generally employed in mortgages. The common form of such instruments in use in this State is that of an absolute conveyance, with a condition underwritten that it is executed as security, and shall become inoperative and void upon payment of the debt; and the statute is directed to the language of alienation and transfer, declaring that the instrument, whatever terms it may use, shall not be deemed a conveyance so as to enable the owner to recover possession without a foreclosure and sale. As a result flowing from the statute, no authority can be derived from the mortgage alone to take possession, even though terms are used which in other instruments would convey both title and possession.

We are of opinion that there is nothing in the law of mortgages in this State which prevents the mortgagor from investing the mortgagee with a power to sell the premises upon default in the payment of the debt secured; and when the sale is conducted in accordance with the conditions of the power, and is fairly made, a good title will pass to the purchaser, upon its consummation by a conveyance. (4 Kent, 146; Hill on Mortgages, chap. 7; *Longwith* v. *Butler*, 3 Gilm. 32.)

In the present case no question is made as to the regularity of the proceedings taken by the mortgagee, or the good faith of the sale made by him. It follows that the Court erred in excluding the deed to the purchaser, and in consequence the judgment must be reversed and the cause remanded for a new trial.

Ordered accordingly.