[No. 18453.    Department Two.—July 11, 1895.]

## EMIGRANT DITCH COMPANY, APPELLANT, v. A. A. WEBBER, RESPONDENT.

CORPORATIONS—EMINENT DOMAIN—ACTION BY DITCH COMPANY—PLEA IN ABATEMENT—FAILURE TO FILE COPY OF ARTICLES OF INCORPORATION. In an action by a ditch company to condemn the necessary rights for extending its ditches over the land of the defendant, where the plaintiff necessarily pleaded its ownership of canals and water in the county in which the action was brought, for the purpose of showing that the condemnation of the land of the defendant sought to be acquired was necessary or expedient, and this ownership is denied, the action is sufficiently in relation to property held by the corporation to entitle the defendant to plead in abatement a noncompliance by plaintiff with section 299 of the Civil Code, by reason of not having filed a copy of its articles of incorporation in the county in which the action was brought.

ID.—ACQUISITION OF PROPERTY BY EMINENT DOMAIN.—So far as relates to the acquisition of property to be acquired by eminent domain, it is not necessary that as to that property the plaintiff should have filed a copy of its articles of incorporation before the commencement of the action.

ID.—CONSTRUCTION OF CODE.—Section 299 of the Civil Code does not forbid corporations failing to comply with its provisions from acquiring property, either by purchase or condemnation, but it does inhibit the maintenance or defense by them of any action in relation to the property which they have acquired.

ID.—MATERIAL ISSUE AS TO OWNERSHIP OF PROPERTY—ACTION NOT MAINTAINABLE.—Where a plaintiff seeking to acquire property by condemnation finds it necessary to tender a material issue as to the ownership of property in the county, in order to support the action, it cannot be maintained where it appears that the corporation was incorporated in another county, and had not filed its articles of incorporation in the county in which the action was commenced prior to its commencement.

APPEAL from a judgment of the Superior Court of Fresno County.    M. K. HARRIS, Judge.

The facts are stated in the opinion of the court.

*E. D. Edwards*, for Appellant.

The code does not apply to property sought to be condemned. (Civ. Code, sec. 299.) That section and the analogous section 2468 are to be strictly construed. (*Southern Pac. R. R. Co.* v. *Purcell*, 77 Cal. 72; *Phillips* v. *Goldtree*, 74 Cal. 154; *South Yuba Water etc. Co.* v. *Rosa*, 80 Cal. 333; Endlich on Construction of Statutes, secs. 340–43; Sutherland on Statutory Construction, sec. 366; 23 Am. & Eng. Ency. of Law, sec. 8, p. 374, et seq; *People* v. *Awa*, 27 Cal. 639; Sutherland on Statutory Construction, secs. 348, 350, 354; *Wing Ho* v. *Baldwin*, 70 Cal. 194; *Cheney* v. *Newberry*, 67 Cal. 126.) Section 299 of the Civil Code was not intended to prohibit corporations from acquiring property, any more than section 2468 prohibits the making of contracts, and such statutes are to be construed with reference to the intention of the legislature. (Sutherland on Statutory Construction, sec. 292; Endlich on Interpretation of Statutes, secs. 72, 264, 265, 295; 23 Am. & Eng. Ency. of Law, 319; *Tynan* v. *Walker*, 35 Cal. 634; 95 Am. Dec. 152; *Drew* v. *Smith*, 38 Cal. 325; *Hyatt* v. *Allen*, 54 Cal. 353.)

*L. L. Cory*, for Respondent.

The action could not properly have been commenced until the articles mentioned had been filed. (Civ. Code, sec. 299; *Byers* v. *Bourret*, 64 Cal. 73.)

HENSHAW, J.—Appeal from the judgment under a plea in abatement.

Plaintiff averred its incorporation under the laws of the state for the purposes of building, owning, holding, obtaining, and selling ditches, canals, flumes, rights of way, water and water rights, reservoirs, headgates, etc., and to operate the same. It then averred its acquirement of certain valuable water rights in Tulare county, its construction and ownership of canals, ditches, etc., by which it conveyed water from Cole slough, in Tulare county, through that county and into Fresno county. It alleged that the purposes of diversion are for the dis-

tribution and selling and renting of the water to the inhabitants of the two counties, and for supplying farming neighborhoods therein with the water for farming, irrigation, domestic, and other useful purposes; and it further averred that the water is used for these purposes.

Being unable to acquire by purchase the necessary rights for extending its ditches, etc., over the land of defendant, plaintiff begins these proceedings to condemn the same. (Const., art. XIV, sec. 1; Code Civ. Proc., sec. 1238.)

Defendant traversed all the material allegations of the complaint, and then, in abatement, pleaded a noncompliance by plaintiff with section 299 of the Civil Code. This plea was first heard and determined by the court upon the consent of the parties, and, judgment thereon passing in favor of defendant, plaintiff prosecutes its appeal.

Plaintiff was incorporated in the county of Tulare and had not filed a certified copy of the copy of its articles of incorporation in the county of Fresno. Yet, as appears by its complaint, it did at the time of the commencement of the action, and had for many years prior thereto, owned ditches, canals, water, etc., in that county; and it is to enable it to extend its operations of distribution, rental, and sale of the water that the action is prosecuted.

The arguments in support of the judgment are two: 1. That plaintiff cannot maintain this action to acquire and hold the right sought to be condemned, unless as to that property it has filed a copy of its articles of incorporation before the commencement of the action; 2. That the action, from its nature and under the averments of the complaint, necessarily involves the determination of the ownership of and title to other property situated in the county of Fresno and claimed by plaintiff as its own. To this extent, therefore, the action is " in relation to" that property and cannot be maintained.

With the first of these arguments we cannot agree. The statute provides, in effect, that any corporation *holding any* property in a county shall not maintain or defend any action or proceeding *in relation to such property*, its rents, issues, or profits, until such certified copy of the copy of its articles of incorporation shall be filed as required by law.

The commencement of an action is a part of its maintenance. (*Byers* v. *Bourret*, 64 Cal. 73.) But the holding of property is radically different from the attempt to acquire a holding. Plaintiff does not even claim to have or hold any rights in defendant's property. It concedes full and complete ownership in defendant, but asks the court to decree it a holding after proof of its right of eminent domain, and after payment by it of just compensation to the owner. Section 299 of the Civil Code does not forbid corporations failing to comply with its provisions from acquiring property either by purchase or by condemnation, but does inhibit the maintenance or defense by them of any action in relation to the property which they have acquired.

The questions involved in the consideration of the second contention are essentially dissimilar. Plaintiff, to acquire by condemnation the desired rights over defendant's land, found it necessary to plead its ownership of ditches, canâls, and water in Fresno county, and the uses made and to be made, not only of its acquired property, but of that sought to be acquired. By defendant's answer plaintiff's title to the property which it claims to own is put in issue. Nor is the issue an immaterial one. If defendant, even while conceding that plaintiff may invoke the right of eminent domain, can show that the right should not be exercised upon his property, plaintiff must fail. And this might be established, under the issues joined, by proof that plaintiff had acquired no property or rights in Fresno county which made condemnation of his land necessary or expedient. So that if no weight whatever be given to the suggestion that the acquirement of the new right

has relation to the water already owned, and that, therefore, the action is in relation to property held by the corporation, nevertheless, it manifestly appears that the decision upon the question of the holding of property claimed by plaintiff as its own may be determinative of the controversy.

It must be, therefore, that this action is in relation to property held by plaintiff, and cannot under the circumstances be maintained.

Nothing herein said is to be construed as determining the sufficiency or insufficiency of the complaint. The demurrer, upon the ground that it failed to state a cause of action, was overruled, and the appellant here is not the aggrieved party under that order. It is preferable, under every consideration, that the question, if it reach this court, should, so far as this action is concerned, be considered as *res integra.*

The judgment appealed from is affirmed.

McFARLAND, J., and TEMPLE, J., concurred.

Hearing in Bank denied.