[L. A. 398. Department One.—February 24, 1898.]

SAVINGS AND LOAN SOCIETY, Respondent, v. FANNIE M. McKOON, Executrix, etc., Appellant.

STATUTORY CONSTRUCTION—PENALTIES NOT FAVORED.—Penalties are never favored by courts of law or equity; and statutes imposing penalties or creating forfeitures must be strictly construed, and every intendment and presumption is against the person seeking to enforce a penalty or forfeiture provided for by such statute.

ID.—CONSTRUCTION OF CODE—FAILURE OF CORPORATION TO FILE COPY OF ARTICLES—ACTION TO FORECLOSE MORTGAGE—MORTGAGED PROPERTY NOT "HELD" BY MORTGAGEE.—Section 299 of the Civil Code, which provides that any corporation failing to comply with that section by filing a certified copy of the copy of its articles of incorporation filed in the office of the secretary of state in any county "in which it holds any property," except where the original articles are filed, shall not maintain or defend any action in relation to such property, "its rents, issues or profits," until that section is complied with, does not apply to an action by a corporation to foreclose a mortgage in another county, which is simply and only an action for the collection of a debt, and to enforce a lien for its payment. The corporation does not "hold" the mortgaged property, within the meaning of that section.

ID.—NATURE OF MORTGAGE—LIEN INCIDENT OF SECURED DEBT.—A mortgage, though a conveyance in form, and treated as a conveyance for certain purposes, passes no estate in the land, but only creates a lien upon it, which is an incident of the secured debt, and passes by a simple assignment of the debt.

APPEAL from a judgment of the Superior Court of San Diego County. E. S. Torrance, Judge.

The facts are stated in the opinion.

M. A. Luce, for Appellant.

A. N. Drown, for Respondent.

BELCHER, C.—The plaintiff is a corporation duly organized under the laws of this state for the purpose of transacting the business of a savings bank, and having its principal place of business in the city and county of San Francisco. It brought this action in the superior court of San Diego county to foreclose a mortgage upon lands in that county, given by defendant's testator to secure payment of his promissory note. Both the note and mortgage were executed in San Francisco, and the note was made payable at the office of plaintiff. The complaint follows the usual form in such cases and states all the facts necessary to constitute a cause of action. Among other things, it states that prior to the commencement of the action, and within the time and in the manner provided by law, plaintiff presented to defendant, as executrix, for allowance, its claim for said mortgage indebtedness, and the same was allowed by her as presented, and was approved by the judge of said superior court, and then duly filed in court and thereafter ranked among the acknowledged debts of the estate.

The only defense relied upon here is that the action should have been dismissed, because, as alleged in the answer, "the plaintiff has never filed a certified copy of the copy of its articles of incorporation, filed in the office of the secretary of state, in the office of the county clerk of the county of San Diego, state of California, in which county is situated the property set forth in plaintiff's complaint herein; and no such certified copy was on file in the office of said county clerk at the time of the commencement of this suit; nor is any such certified copy on file in said office at this time."

The cause was tried by the court and judgment rendered in favor of the plaintiff, from which the defendant has appealed on the judgment roll.

Only two questions are presented by the record: 1. Does section 299 of the Civil Code apply to an action for the foreclosure of a mortgage? 2. If it does, has it been substantially complied with by the respondent in this action?

1. Section 299 of the Civil Code provides that every corporation must file in the office of the county clerk of every county in this state in which it holds any property, except the county where the original articles of incorporation are filed, "a copy of the copy of its articles of incorporation, filed in the office of the secretary of state, duly certified by such secretary of state," and as a penalty for not doing so it declares that "any corporation failing to comply with the provisions of this section shall not maintain or defend any action or proceeding in relation to such property, its rents, issues, or profits, until such articles of incorporation, and such certified copy of the copy of its articles of incorporation, shall be filed at the places directed by the general law and this section."

We do not think the penalty imposed by this section should be held to apply to an action for foreclosure. Penalties are never favored by courts of law or equity, and statutes imposing penalties or creating forfeitures must be strictly construed. (*Askew v. Ebberts*, 22 Cal. 263; *Schallert-Ganahl L. Co. v. Neal*, 91 Cal. 362; *Eyre v. Harmon*, 92 Cal. 580.) Every intendment and presumption is against the person seeking to enforce the penalty or forfeiture provided by such a statute. (*Irvine v. McKeon*, 23 Cal. 475.) It is true a mortgage of real property is in form a conveyance, and is treated as such for certain purposes (Civ. Code, sec. 1215), but it is not in fact a conveyance. It is settled by a long line of decisions in this state, commencing as early as *McMillan v. Richards*, 9 Cal. 365, 70 Am. Dec. 655, that the original character of mortgages has undergone a complete change. They have ceased to be conveyances, except in form. They are no longer understood as contracts of purchase and sale between the parties, but as transactions by which a loan is made on the one side, and security is given for its repayment on the other. They pass no estate in the land, but are mere securities; and default in the payment of the money secured does not change their character. They create only a lien on the land, which is an incident of the secured debt and passes by a simple assignment of the debt. (*Johnson v. Sherman*, 15 Cal. 287; 76 Am. Dec. 481; *Fogarty v. Sawyer*, 17 Cal. 589; *Mack v. Wetzlar*, 39 Cal. 247; *Williams v. Santa Clara Min. Assn.*, 66 Cal. 201; Code Civ. Proc., sec. 744.)

An action to foreclose a mortgage is simply and only an action for the collection of a debt and the enforcement of a lien for its payment; and in view of the foregoing authorities—and others might be cited—it is manifest that the plaintiff did not, at the time of the commencement or trial of this action, own or hold the said mortgaged property, and therefore did not subject itself to the penalty imposed by section 299 of the Civil Code, even if it did not comply with its provisions.

It is admitted by counsel for appellant that the question under consideration has not been directly passed upon by this court, but it is claimed that "it has by inference conceded the proposition that the section would apply to and include all suits for foreclosure of mortgage." (Citing *Ontario State Bank v. Tibbits,* 80 Cal. 68, and *California Sav. etc. Soc. v. Harris,* 111 Cal. 133.)

We do not think any such inference can be said to arise from the decision in either of the cases cited. It is true they were both actions for foreclosure, but no question was raised or considered as to whether or not the said section of the code applied to a suit to foreclose a mortgage. The decisions were confined to a question of pleading, and it was held that one who wishes to object to the prosecution of an action brought by a corporation, on the ground that it had not filed a copy of the copy of its articles of incorporation, must do so by specially pleading that fact in abatement; that the filing such copy is not a fact essential to the plaintiff's cause of action, and, consequently, is not a jurisdictional element in the suit; and that all objection on this ground is waived, unless affirmatively pleaded.

The two decisions of this court most nearly in point here are found in *Weeks v. Garibaldi etc. Gold Min. Co.,* 73 Cal. 599, and *Emigrant Ditch Co. v. Webber,* 108 Cal. 88. In the case first named the action was to recover a certain sum of money alleged to be due for work and labor done and performed at the defendant's request in and about certain mining property. The defendant filed an answer traversing all the material allegations of the complaint. The plaintiff moved for judgment on the pleadings, because the defendant did not allege in its answer that it had complied with the requirements of section 299 of the Civil Code, and the motion was granted. On appeal the judgment was reversed, this court saying:

"The section of the Civil Code, *supra*, upon which the respondent bases this contention, does prohibit corporations from making defense to certain kinds of actions, unless they have previously filed their articles of incorporation in the office of the clerk of the county where such corporation has its property. But that prohibition only extends to such actions or proceedings as may be brought 'in relation to such property, its rents, issues or profits.' It is clear that the action under consideration is not one which is included in the provisions of that section."

In the second case, the action was brought in Fresno county to condemn certain real property in that county for the corporate purposes of the plaintiff.

The plaintiff was incorporated in Tulare county, and for many years prior to the commencement of its suit had canals, ditches, water, etc., in the former county, and the condemnation sought for was for the purpose of extending its works. Objection was made that plaintiff had not filed a certified copy of the copy of its articles of incorporation in the county of Fresno. Of this objection it was said by this court:

"The statute provides, in effect, that any corporation holding any property in a county shall not maintain or defend any action or proceeding in relation to such property, its rents, issues or profits, until such certified copy of the copy of its articles of incorporation shall be filed as required by law. But the holding of property is radically different from the attempt to acquire a holding. . . . . Section 299 of the Civil Code does not forbid corporations failing to comply with its provisions from acquiring property, either by purchase or by condemnation, but does inhibit the maintenance or defense by them of any action in relation to the property which they have acquired."

2. It is claimed for respondent that it had, as shown by the findings of the court, substantially and in effect complied with the requirements of the said section, but, in view of our conclusions upon the first question presented, this question need not be further considered.

The judgment should be affirmed.

Searls, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

Harrison, J., Garoutte, J., Van Fleet, J.