[Civ. No. 2766. First Appellate District, Division Two.—May 9, 1919.]

VALENTINE EGENBERGER et al., Respondents, v. AUGUST NEUMAN et al., Defendants; J. E. DAVIS et al., Appellants.

[1] PROMISSORY NOTES—ALTERNATIVE PAYEES—PLEADING—CONSIDERA-TION.—While a note payable in the alternative to one or the other of two persons is not a promissory note, if, however, it purports on its face to be for value received, the setting forth of the note according to its terms is a sufficient statement of consideration to entitle the plaintiff in an action based thereon to recover as on a contract.

[2] ID.—FORECLOSURE OF MORTGAGE SECURITY — PARTIES.—Where a note payable in the alternative to one or the other of two persons is secured by a mortgage, an action may be maintained by both parties named in the note and mortgage for the foreclosure of the mortgage.

APPEAL from a judgment of the Superior Court of Alameda County. J. J. Trabucco, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

J. M. Kinley for Appellants.

Dibert & Stiefvater and Albert P. Stiefvater for Respondents.

LANGDON, P. J.—This is an appeal by defendants, J. E. Davis and Alice M. Davis, from a judgment and decree foreclosing a mortgage against them. Appellants are the holders of the legal title to the property affected by the foreclosure, title having passed to them through mesne conveyances from August H. Neuman and Ida Newman after the lien of the mortgage had attached. The appellants demurred on general and special grounds to plaintiffs' amended complaint; their demurrers were overruled, and upon their failure to answer, judgment was entered against them.

There is but one question upon this appeal and that is, Does the amended complaint state facts sufficient to constitute a cause of action? The argument of appellants is predicated upon the fact that the note, and mortgage securing the same, and which were set out in the amended complaint, were made in the alternative or disjunctive form—that is, they were made to "Valentine Egenberger or Katherine Egenberger."

There are only two authorities cited to us directly upon this question, neither one of which is from this state. The appellants rely upon the case of *Musselman* v. *Oakes*, 19 Ill. 81, [68 Am. Dec. 583], in which it is said that a note payable in the alternative to one or two persons is not a promissory note and cannot be sued on as such. This contention may be granted; but in the instant case the action is brought to collect the debt secured by a mortgage regardless of the means by which the debt was evidenced. [1] Furthermore, in reply to the contention of counsel based upon the Oakes case, we may say that while it has been held that a note payable in the alternative is not a promissory

note, if, however, it purports on its face to be for value received, the setting forth of the note according to its terms is a sufficient statement of consideration to entitle the plaintiff to recover as on a contract. (*Walrad* v. *Petrie*, 4 Wend. (N. Y.) 575, cited in 1 Daniel on Negotiable Instruments, sec. 103.) The record in the present case discloses that the note stated on its face it was given for a valuable consideration.

[2] However, the case of *Seedhouse et al.* v. *Broward*, 34 Fla. 522, [16 South. 425], is a case covering a very similar state of facts in so far as the language of the note and mortgage is concerned. In that case, as in this, the action was to foreclose a mortgage securing a note, the plaintiffs being Henry Seedhouse and Helen Seedhouse, his wife. There, as here, a demurrer was interposed on the ground that the note and mortgage were in the alternative. The court in that case pointed out that the mortgage was not a conveyance of real property, but a contract between mortgagor and mortgagee whereby a specific lien was created upon certain property; that viewed as a contract, requiring the interposition of judicial action to enforce its provisions, there was no reason why the fact that it and the debt secured were made payable to one or the other of two parties definitely named therein should render such contract void. The court pointed out that there was some variance in the authorities as to whether, in such a case, the action could be maintained alone by either of the parties named as alternative payees or whether it must be instituted jointly by both of the payees, but added that the better practice was for all of the parties named as alternative payees to join in the suit to enforce such a contract. The reasoning of this Florida case applies precisely to the facts of the instant case, and to the legal effect of mortgages in this state. For in this state, also, the original character of mortgages has undergone a change and they have ceased to be conveyances except in form. They pass no estate in the lands and are mere security. Under the code a mortgage is merely a contract by which specific property is hypothecated for the performance of an act. (*McMillan* v. *Richards*, 9 Cal. 365, [70 Am. Dec. 655]; *Fogarty* v. *Sawyer*, 17 Cal. 589; *Dutton* v. *Warschauer*, 21 Cal. 609, [82 Am. Dec. 765]; *Mack* v. *Wetzlar*, 39 Cal. 247;

*Savings & Loan Soc.* v. *McKoon,* 120 Cal. 177 [52 Pac. 305]; Civ. Code sec. 2920.)

In the present case, both parties named in the note and mortgage have joined in the suit. It would seem, therefore, that all the elements exist here to make the reasoning in the Florida case applicable.

There is no defense made on the merits, but appellants urge that the mortgage and note should have been re-formed; that the plaintiffs should have pleaded the true intent of the parties and made an issue of that matter. They cite the case of *Pierson* v. *McCahill,* 21 Cal. 122. That case holds that where, in reducing an agreement to writing, a material clause has been omitted by mistake, a party seeking to avail himself of the actual contract must obtain a reformation of the writing, either by a distinct proceeding to reform it or by special pleading of mistake in an action in which the contract is sought to be used, and asking its correction as independent relief. To the same effect are the other cases cited by the appellant upon this point. This rule, however, is wholly inapplicable here. The plaintiffs are not contending that a mistake has been made, or that the instruments do not express the true intent of the parties. Under our conclusion, herein expressed, the note and mortgage as executed are not void, and as both parties named therein as alternative payees are plaintiffs in the suit, there is no occasion to ask for a reformation of the instrument, nor to allege any other intent of the parties than the intent appearing upon the face of the instruments—the instruments are sought to be enforced as executed.

The judgment is affirmed.

Brittain, J., and Haven, J., concurred.