[Civ. No. 6002.   Third Appellate District.—March 16, 1938.]

ILDEFONSO A. SEPULVEDA, as Administrator, etc., Respondent, v. JOHN V. APABLASA et al., Defendants; O. J. SALISBURY et al., Appellants.

382

Frank S. Hemminger, W. W. Middlecoff, C. W. Braswell and Homer Boardman for Appellants.

Brooks Gifford and T. W. Ward, as *Amici Curiae,* on Behalf of Appellants.

Charles W. Partridge for Respondent.

THOMPSON, J.—This is an appeal from a judgment in a suit for declaratory relief under section 1060 of the Code of Civil Procedure to construe an instrument dated July 2, 1929, executed between Concepcion Apablasa de Sepulveda and Ildefonso A. Sepulveda, her husband, as parties of the first part, and the surviving children of Concepcion by her first husband, as second parties. The instrument was executed to settle a controversy existing between the parties thereto with relation to the titles to six parcels of land in. Los Angeles County, which were then involved in a suit pending in the superior court of that county. It purports to "grant" to each of the second parties an undivided one-twelfth interest in each of said parcels of land, and to au-

thorize a sale of the land at stipulated prices with an agreement to divide the proceeds of such sales in the proportions mentioned. Some of the grantees subsequently conveyed their interests.

Certain defendants, sued under fictitious names, became parties to this suit. Florence H. Morgan filed an answer claiming a judgment lien on the interest in said property belonging to John V. Apablasa, also known as John C. Apablasa. O. J. Salisbury, Donald H. Fry and Emmett D. Browne, as trustee, jointly filed an answer in this suit, claiming interests in designated portions of the property by virtue of assignments thereof. Francis J. Conley, Eugene Anthony Conley and Delia Apablasa, also jointly filed a separate answer in this suit, claiming interests in the property under a subsequent agreement executed May 4, 1929, by Cayetano J. Apablasa, one of the second parties to the agreement under construction herein.

August 9, 1931, Concepcion A. de Sepulveda died, intestate, in Los Angeles, and her husband, Ildefonso A. Sepulveda was appointed administrator of her estate. A controversy arose over the respective interests of her heirs in the six parcels of land described in the instrument executed July 2, 1929. This suit was commenced January 6, 1934. After trial the court adopted findings on the issues presented. The judgment determines that the instrument dated July 2, 1929, constituted a conveyance from Concepcion Apablasa de Sepulveda and her husband of an undivided one-twelfth interest in parcels one, two, three and six of the real property described in the findings to each of the following named parties thereto, to wit: Maria Apablasa Conley, Concepcion Apablasa Finlay, Laura Apablasa Thesing, Candelaria Apablasa Bernstein, Cayetano J. Apablasa and Charles C. Apablasa, and that they are the owners of those respective interests; that the instrument in question conveyed to Concepcion Apablasa de Sepulveda and her husband, Ildefonso A. Sepulveda, the remaining undivided one-half interest in parcels one, two, three and six of said property, together with the entire interest in parcels 2A, 4 and 5 thereof, and that the said husband and wife were the owners of the last-mentioned interests; that Concepcion A. de Sepulveda died seized of the shares in said property last mentioned and that her heirs inherited from her estate by right of representation the fol-

lowing shares in her said property, to wit: An undivided one-third interest to her surviving husband, Ildefonso A. Sepulveda; an undivided two twenty-first interest each to her sons and daughters, John V. Apablasa, Maria Apablasa Conley, Laura Apablasa Thesing, Candelaria Apablasa Bernstein, Concepcion Apablasa Finlay, Cayetano J. Apablasa and Alfonso T. Sepulveda; that the undivided one-twelfth interest in parcels 1, 2, 3 and 6 acquired by Charles C. Apablasa by the terms of the instrument dated July 2, 1929, was held by him in trust for the benefit of John V. Apablasa and his successor in interest, and not otherwise, which said last-mentioned interest was transferred to Burnand & Company, a corporation, which is the owner thereof subject to a judgment lien thereon in favor of Florence H. Morgan for the sum of $2,083.58 as provided by judgment book 11193, page 97, of judgments in the office of the county recorder of Los Angeles County; that the defendant, O. J. Salisbury, has no interest whatever in any of said property; that none of the defendants, Emmett D. Browne, as trustee, Charles Apablasa, Donald H. Fry or Charles J. Apablasa, acquired title to any of said properties through the instrument dated December 7, 1931, and recorded in book 11264, page 172, of the official records of Los Angeles; that except as hereinbefore specified the following defendants have no title or interest in any of said property, to wit: Florence H. Morgan, Emmett D. Browne, as trustee, Burnand & Company, John H. Lee, Lutheran Hospital Society of Southern California, Delia Apablasa, Security Materials Company, A. Fletcher, Maria Lasseter de Apablasa, Security-First National Bank of Los Angeles, E. D. Tate, J. M. Levy, Frank W. Chapin, Helen S. Chapin, O. J. Salisbury and Donald H. Fry. The judgment further provides that the plaintiff recover the sum of $600 as costs incurred in procuring a certificate of title to the lands in question, $500 of which sum shall become a first lien on the interest of John V. Apablasa in said lands, and the remaining $100 thereof to become a first lien on said lands belonging to Maria Apablasa Conley.

The following named defendants only have given notice of appeal, to wit: O. J. Salisbury, John V. Apablasa, Emmett D. Browne, as trustee for Charles Apablasa, Donald H. Fry and Charles C. Apablasa, and Florence H. Morgan.

The findings and judgment with respect to the construction of the instrument of conveyance, dated July 2, 1929, and the respective interests of the several appellants in the property in question are supported by the evidence, which is too intricate and involved to warrant a recitation thereof.

The findings and judgment to the effect that the appellant O. J. Salisbury has no interest in the property involved in this suit are adequately sustained by the evidence. Salisbury claimed title to one-third of the interest of John C. Apablasa in the property by virtue of a purported deed of conveyance thereof which was executed February 13, 1929. We are of the opinion that deed was void for uncertainty. It contains no definite or ascertainable description of the property intended to be conveyed. It is apparent the instrument does not purport to presently convey the property to the grantee but reserves the consummation of that transfer to a future date. The instrument in question first recites that John C. Apablasa claims an undivided one-sixth interest in the property and estate of his deceased father, Cayetano Apablasa in Los Angeles County, consisting of real and personal property, the legal title to which stands in the name of his mother, Concepcion Apablasa de Sepulveda, who claims to be the owner in fee thereof; that the grantor has commenced a suit to determine that his mother holds his said interest in said property, together with the rents, issues and profits thereof, in trust for his benefit; that "John C. Apablasa desires to sell and O. J. Salisbury is willing to purchase one-third of the right, title, interest and estate which the said John C. Apablasa has, or may acquire" therein; that in consideration of $10, paid by the grantee, the grantor granted, bargained, sold and transferred the one-third of his one-sixth interest, "less, however, the proportional share of any attorney's fees and the cost of suit which the said John C. Apablasa may be required to bear in perfecting his title to said interest in said property, estate, rents, issues, profits and proceeds: provided however, that in no event shall such interest in said property, estate, rents, issues, profits and proceeds, which is hereby conveyed by the said John C. Apablasa to the said O. J. Salisbury, be less than 21.6% of the gross amount or value of said property . . . the said John C. Apablasa now has or may hereafter acquire in any manner whatsoever."

The trial court found in regard to that instrument:

"That said deed of conveyance of interest in property did not transfer and was not intended by the parties thereto to transfer a present interest in any of the property described within paragraph VI hereof."

The court further found in regard thereto:

"That the defendant O. J. Salisbury . . . acquired no interest in the property described in paragraph VI of the Findings of Fact by reason of the agreements and the power of attorney executed."

In so far as the instrument purported to convey to Salisbury an interest in the property which John C. Apablasa expected to inherit from his mother's estate upon her death, it was void. (Sec. 700, Civ. Code; *Estate of Wickersham,* 138 Cal. 355 [70 Pac. 1076, 71 Pac. 437]; 9 Cal. Jur. 281, sec. 149.)

From the language of the instrument it is apparent that the parties did not intend thereby to consummate a present conveyance of the property. Under the terms of that instrument it was impossible to determine what property was to pass to the grantee until all litigation was completed and a deduction of all attorney's fees and costs of perfecting the title of John C. Apablasa were first ascertained and made. Other evidence in the record confirms this conclusion.

As is said in *Scott* v. *Woodworth,* 34 Cal. App. 400, at page 407 [167 Pac. 543]:

"The right to sell the property and to retain the proceeds of sale, or any part thereof, constitute acts which are entirely inconsistent with the parting of title or an intention to vest title to the property by the owner thereof in others. Obviously, 'an instrument which confers no right of either present or future possession, possesses little of the character of a conveyance, and can hardly be deemed to pass any estate in the land'. (*McMillan* v. *Richards,* 9 Cal. 365, 410 [70 Am. Dec. 655]; *Fogarty* v. *Sawyer,* 17 Cal. 589.)"

The trial court determined in this action that the defendant Burnand & Company, a corporation, is the owner by virtue of the sheriff's deed thereto which was executed to it December 21, 1931, of the entire interest of John C. Apablasa in the property which he inherited from the estate of his mother, Concepcion Apablasa de Sepulveda, subject, how-

ever, to a judgment lien on parcels 1, 2, 3 and 6 thereof, in favor of the defendant, Florence H. Morgan, for the payment of $2,083.58, as shown by the record in judgment book 11193, page 97, of judgments in the county recorder's office of Los Angeles County.　█　The appellants contend that the title to this property in Burnand & Company is void for the reason that the corporation accepted its deed of conveyance with notice of the former purported deed from John C. Apablasa to O. J. Salisbury acquired by the recording of a power of attorney between the last-mentioned parties which refers to the deed. As we have held, since the purported deed to Salisbury was void and conveyed no title, the notice thereof which was given by the recording of the power of attorney could neither confer title nor add to the validity of the instrument. It follows that the findings and judgment in favor of Burnand & Company are adequately supported by the evidence.

█　The appellants, Fry, and Browne, as trustee, claim that the findings and judgment to the effect that they acquired no interest in the property are not supported by the evidence. It is asserted that Emmett D. Browne, as trustee for Donald Fry, acquired title to the entire interest of John C. Apablasa, also known as John V. Apablasa, in the property in question, to secure the payment of various loans of money which he procured, aggregating the sum of $7,000, by virtue of a deed of trust executed by John Apablasa on December 7, 1931. We think not. The instrument relied upon is too indefinite and uncertain with respect to the property sought to be conveyed. The only attempt to designate the property affected thereby refers to "all his [John V. Apablasa's] right, title and interest in and to any and all property, both real and personal, and wheresoever situate", which he acquired "by virtue of the trust created in the will of the said Cayetano Apablasa", his deceased father. In paragraph XIII of the findings of fact, the court determined "That there was not on said date, nor at any time thereafter, a trust existing under the will of Cayetano Apablasa," and that no title to property vested in these appellants on that account, or otherwise. There is ample evidence to support that finding. We are of the opinion this disposes of their appeal and that the findings and judgment are sufficiently supported in that regard.

■ We are of the opinion the findings and judgment to the effect that the appellant Charles C. Apablasa, also known as Charles J. Apablasa, held no title to the property in question, except as a trustee for the benefit of John V. Apablasa, are supported by the evidence. The court determined that Charles paid no consideration for John's one-twelfth interest in the property, and that by Charles' conduct in thereafter permitting John to borrow various sums of money on his said interest and in otherwise treating the property as his own, Charles was estopped from asserting that the instrument which he held with relation to the property constituted a conveyance thereof to him. Those findings are adequately supported by the evidence.

■ The notice of appeal specifically assigns as error that portion of the judgment which provides that:

"The plaintiff have and recover the sum of $600.00 of his expenditures for title search; the sum of $500.00 thereof to be a lien and charge in favor of the plaintiff, prior to all the liens and claims of the parties hereto, and to be first paid from the proceeds thereof, upon such interest as the defendant John V. Apablasa . . . would have had in the said estate of Concepcion A. Sepulveda, deceased; . . . the sum of $100.00 thereof to be a lien and charge in favor of the plaintiff, prior to all of the liens and claims of the parties hereto, and to be first paid from the proceeds thereof, upon the interest of Maria Elizabeth Apablasa Conley, . . . as an heir at law in the estate of Concepcion A. Sepulveda, deceased.''

Within five days after notice of the rendering and entry of the judgment in this case, the appellants served upon the plaintiff and filed, under the provisions of section 1033 of the Code of Civil Procedure, a motion to retax and disallow the item of alleged costs inserted in the judgment on the grounds that it was improperly allowed and that a memorandum of costs was not served upon the appellants or filed in the suit. An affidavit to that effect was filed and considered at the hearing of the motion to retax costs. No counter-affidavit was filed therein. There is no evidence to support this item of costs. It does not appear it was a necessary item of expense incurred by the plaintiff. It affirmatively appears it was inserted in the judgment without notice to the appellants and without the previous filing

of a memorandum of costs. Assuming that it may be a proper item of costs to be allowed under appropriate circumstances, it was erroneously inserted in the judgment in this case without notice to the appellants and without the previous serving and filing of a memorandum of costs. The motion to retax costs by disallowing the item was erroneously denied. The allowance of costs is strictly statutory. The prevailing party in a suit may recover such costs only as the statutes allow. The court is authorized to allow costs which are discretionary only when that discretion is vested by statute in the court. (7 Cal. Jur. 254, sec. 2.) Costs may be allowed only in the manner provided by law. Section 1033 of the Code of Civil Procedure provides that a memorandum of costs must be served and filed within five days from ''notice of the entry of judgment''. This was not done.

In the case of *Griffith* v. *Welbanks & Co.*, 26 Cal. App. 477 [147 Pac. 986], in affirming an order striking from the records a memorandum of costs which was not filed within the time allowed by statute, the court said:

''The terms of said section [1033, Code Civ. Proc.] are mandatory, and a substantially strict compliance therewith is required; . . . If the one party fails, within the time prescribed, to file and serve his memorandum of costs, then he is to be conclusively deemed to have waived the costs, if any, accruing in his favor.''

In the present case, we are of the opinion the plaintiff waived his costs by failure to comply with the statute, and that the court erred in denying appellants' motion to strike the item of costs from the judgment. The judgment should therefore be and it is hereby modified by eliminating therefrom the item of costs.

As so modified the judgment is affirmed, respondents to recover costs on appeal.

Plummer, J., and Pullen, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 15, 1938, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 12, 1938.