**Philip W. HOUGHTON, Plaintiff,**

and

**Equal Employment Opportunity Commission, Plaintiff-Intervenor,**

v.

**McDONNELL DOUGLAS CORPORATION, Defendant.**

**No. 73 C 14(1).**

United States District Court, E.D. Missouri, E.D.

August 2, 1982.

On Motion to Reconsider Nov. 5, 1982.

Robert Johnson, Ferne P. Wolf, James R. Neely, Jr., E.E.O.C., St. Louis, Mo., for plaintiff.

John J. Schlueter, St. Louis, Mo., for Philip Houghton.

Veryl L. Riddle, St. Louis, Mo., for defendant.

MEMORANDUM

WANGELIN, Chief Judge.

This matter is before the Court upon the Equal Employment Opportunity Commission's (hereinafter E.E.O.C.) request for an award of Twenty One Thousand One Dollars and Thirty Three Cents ($21,001.33) in costs for monies expended in *Houghton* I and II. The Court believes that the E.E.O.C.'s request is barred by Local Rule 24 of the Eastern District of Missouri and is untimely under traditional notions of equity.

Local Rule 24(C)(1) mandates that a party requesting a cost bill must:

[w]ithin forty days after entry of judgment or decree, or within ten days after the issuance of the mandate of the appellate court, whichever is later, the party recovering costs shall file in the office of the Clerk of this Court a verified bill of cost upon forms provided by the Clerk, which shall contain proof of mailing to the adverse party. Unless leave to file, upon good cause shown, is granted by the Court, failure to comply with the time limitations of this Rule shall constitute waiver of all costs save the Clerk's costs.

The obvious purposes of this Rule are to insure that the adverse parties have notice of the bill and to limit the time in which questions as to costs may be determined.

18

The Court of Appeals mandate in the case at bar was issued on November 12, 1980. *Houghton v. McDonnell Douglas Corporation*, 627 F.2d 858 (8th Cir.1980). In its mandate, the Court of Appeals directed this Court to determine attorneys' fees and costs. The Court of Appeals specifically noted that:

> Houghton is entitled to tax attorneys' fees and costs in this expensive litigation in all federal courts—Federal District Court, this Court and the Supreme Court. The E.E.O.C. is also entitled to costs in this litigation. *Id.* at 867.

In response to the Eighth Circuit's mandate, plaintiff filed a request for attorneys' fees and costs on February 5, 1981. Defendant eventually filed its motion in opposition on August 19, 1981 with a response to defendant's motion coming from plaintiff on August 26, 1981. This Court grappled with the parties' calculations and on December 30, 1981 issued an order requiring further documentation of plaintiff's back pay and attorneys' fees claims. Further discovery in aid of resolving back pay, attorneys' fees and costs issues was permitted by the Court. Thereafter, the parties exchanged more detailed memoranda on the questions of damages, attorneys' fees and costs. In a memorandum dated June 18, 1982, this Court ruled on plaintiff's damages, attorneys' fees and cost claims and entered final judgment in favor of plaintiff. The Court's files indicate that all memoranda from the Court and the parties was transmitted to the E.E.O.C. On July 30, 1982, the E.E.O.C. filed a request for the appearance of counsel and for a bill of costs in the sum of Twenty One Thousand One Dollars and Thirty Three Cents ($21,001.33).

■ The E.E.O.C.'s request for costs clearly was not made within ten (10) days of the Court of Appeals' November 12, 1980 mandate. Nor did the E.E.O.C. comply with the forty (40) days given for filing a bill of costs after entry of final judgment. During the entire nineteen and one-half months between the Court of Appeal's mandate and entry of final judgment, the E.E.O.C. made no response to the various memoranda submitted by both parties on attorneys' fees and costs. The E.E.O.C. was on notice that attorneys' fees and costs were to be determined by the Court. At no time did the E.E.O.C. request leave to file its bill of costs, nor did the E.E.O.C. indicate it had any interest in the resolution of the rather difficult issues of attorneys' fees and costs. In short, the E.E.O.C. failed to comply with this District's well-known rule on the filing of cost bills and failed to show good cause as to why its failure to comply should be forgiven. *See Sepulveda v. Apablasa*, 25 Cal.App.2d 381, 77 P.2d 526, 529–30 (1938).

■ The Court is also of the opinion that the E.E.O.C.'s request is barred by the equitable doctrine of laches. The Court was required to render its decision on costs and attorneys' fees based upon the presentation of the parties, the Court's recollection of events and review of its notes. The E.E.O.C. could have been a great assistance in the resolution of the attorneys' fees and cost issues, yet, the E.E.O.C. chose to remain silent. Regardless of the E.E.O.C.'s failure to comply with Rule 24, the litigants and the Court have been inconvenienced and prejudiced by the E.E.O.C.'s unexcused failure to indicate to the Court that it had any interest in securing costs. The court will not allow the E.E.O.C. to stroll into court at this late date and petition for its costs; any right the E.E.O.C. may have had is waived. Accordingly,

IT IS HEREBY ORDERED that the E.E.O.C.'s request for the entry of appearance be and is DENIED; and

IT IS FURTHER ORDERED that the E.E.O.C.'s request for a bill of costs be and is DENIED.

### On Motion To Reconsider

This matter is before the Court upon Equal Employment Opportunity Commission's (hereinafter E.E.O.C.) motion to reconsider the denial of its costs. The Court's reasons for denying the E.E.O.C.'s costs were twofold. One, the Court found that the E.E.O.C. had failed to comply with Local Rule 24(C)(1) of the Eastern District of Missouri. Two, the Court found that the

E.E.O.C.'s silence throughout the eighteen month period in which Houghton's damages, attorney's fees and costs were calculated was unexcusable and prejudicial to the Court and defendant. *Houghton v. McDonnell Douglas Corp.,* No. 73 C 14(1), slip op. (E.D.Mo. August 2, 1982). Regardless of the E.E.O.C.'s alleged compliance with Local Rule 24, the Court reaffirms its finding that the E.E.O.C.'s failure to participate in the resolution of attorney's fees and costs between the November 12, 1980 mandate of the Eighth Circuit Court of Appeals and this Court's June 18, 1982 Order determining attorney's fees and costs constituted laches and bars the E.E.O.C.'s petition for costs.

The E.E.O.C.'s interest in this case centered on the bona fide occupational qualification issue. That issue was, for all intents and purposes, resolved by the Eighth Circuit Court of Appeals in the *Houghton II* mandate. Eighteen months elapsed between the E.E.O.C.'s receipt of the *Houghton II* mandate and the entry of final judgment by this Court as to Houghton's damages and the costs and attorney's fees generated by this lawsuit. The E.E.O.C. was notified of the attorney's fees and costs proceedings, yet, chose not to participate. The E.E.O.C. never hinted to the Court or the parties that it had any interest in costs even though the Court had indicated in its memoranda that the E.E.O.C.'s assistance would be welcomed. The parties submitted extensive memoranda on the costs and attorney's fees issues—all without the assistance of the E.E.O.C. Ultimately, defendant settled the attorney's fees and costs issues with plaintiff. Defendant was certainly entitled to believe that settlement with plaintiff would completely dispose of this litigation. The E.E.O.C.'s tardy request for costs is prejudicial to defendant and fundamentally unfair.

The Court has presided over this protracted lawsuit and believes it is in the best position to weigh the equities of the participants' actions. In the instant matter, the Court is convinced that the E.E.O.C. has waived any right it may have had to costs. To permit the E.E.O.C. to petition for costs at this date would be prejudicial to defendant, unfair to the Court and would set an unhealthy precedent as to the construction of Local Rule 24. Accordingly,

IT IS HEREBY ORDERED that the motion of the Equal Employment Opportunity Commission to consider denial of costs be and is DENIED.